**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113241

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elisa Reynolds and Carissa Ann Pedersen,<br><br>Plaintiffs,<br><br>vs.<br><br>Phoenix Financial Services LLC and Pendrick Capital Partners II, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Elisa Reynolds and Carissa Ann Pedersen (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Phoenix Financial Services LLC and Pendrick Capital Partners II, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Elisa Reynolds is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff Carissa Ann Pedersen is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Phoenix Financial Services LLC, is an Indiana Limited Liability Company with a principal place of business in Marion County, Indiana.

9.      On information and belief, Defendant Pendrick Capital Partners II, LLC, is a New York Limited Liability Company with a principal place of business in Warren County, New York.

10.     Defendants are  regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12.     Defendants allege each of the Plaintiffs owe a debt ("the Debts").

13.     The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14.     Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15.     Thereafter, at an exact time known only to Defendants, the Debts were assigned or otherwise transferred to Defendants for collection.

16.     In their efforts to collect the debt alleged owed by Plaintiff Reynolds, Defendants contacted Plaintiff Reynolds by letter dated March 2, 2017. ("**Exhibit 1**.")

17.     In their efforts to collect the debt alleged owed by Plaintiff Pedersen, Defendant contacted Plaintiff Pedersen by letter dated March 1, 2017. ("**Exhibit 1**.")

18.     The Letters are identical in all material respects.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

19.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

20.     The Letters set forth an "Account Balance Due."

21.     15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

22.     The Letters failed to disclose whether the balance stated may increase due to interest.

23.     The Letters failed to disclose whether the balance stated may increase due to late fees.

24.     The Letters failed to disclose whether the balance stated may increase due to other fees.

25.     The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e.

26.     N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

27.     An award of interest under § 5001 is mandatory.

28.     N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

29.     The creditors possessed a guaranteed right to interest on the Debts from, at the latest, March 2, 2017.

30.     As such, the amounts stated in the Letter were subject to the accrual of interest.

31.     The Letters failed to disclose that the amounts stated may increase due to interest.

32.     The Letters, because of the aforementioned failures, violate 15 U.S.C. § 1692e.

33.     The Letters include a settlement offer.

34.     The Letters fail to indicate whether the amounts stated may increase due to additional interest if the settlement is not accepted.

35.     The Letters fail to indicate whether the amounts stated may increase due to additional late fees if the settlement is not accepted.

36.     A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

37.     The Letters, because of the aforementioned failures, can reasonably be read by the least sophisticated consumer to mean that interest was accruing.

38.     The Letters, because of the aforementioned failures, can reasonably be read by the

least sophisticated consumer to mean that late fees were accruing.

39.    The Letters could also reasonably be read by the least sophisticated consumer to mean that interest was not accruing.

40.    The Letters could also reasonably be read by the least sophisticated consumer to mean that late fees were not accruing.

41.    The Letters could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would accrue on the debt if the settlement offer was not accepted.

42.    The Letters could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not accrue on the debt if the settlement offer was not accepted.

43.    Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would accrue, or whether the amount of the debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

44.    Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would accrue, or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendants' settlement offer.

45.    Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

46.    For these reasons, Defendants violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

47.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using a collection letter substantially similar to the Letters herein, from one year before the date of this Complaint to the present.

48.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

49.    Defendants regularly engage in debt collection.

50.    The Class consists of more than 35 persons from whom Defendants attempted to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

collect delinquent consumer debts using a collection letter substantially similar to the Letters herein.

51.     Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53.     Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.  Certify this action as a class action; and

b.  Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.  Find that Defendants' actions violate the FDCPA; and

5

d.  Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.  Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Grant Plaintiffs' costs; together with

g.  Such other relief that the Court determines is just and proper.

DATED: March 6, 2018

**BARSHAY SANDERS, PLLC**

By:  ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113241